UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE MOLD PROS FRANCHISING INC, <br><br> Plaintiff, <br><br> v. <br><br> MYCOSOLUTIONS INC., et al., <br><br> Defendants. | CASE NO. C19-5454 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff The Mold Pros Franchising, Inc.'s ("The Mold Pros") motion to file exhibits under seal. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On May 22, 2019, The Mold Pros filed suit against Defendants MycoSolutions, Inc. ("MycoSolutions"), Marc Core ("Core"), and William Treinen ("Treinen"). Dkt. 1. The Mold Pros allege that Treinen and Core operated a Mold Pros franchise in Olympia, Washington using their proprietary, "eco-friendly" mold removal and inspection system which "safely and effectively treats indoor mold issues without the use of harmful

chemicals or toxins" *Id.* ¶¶ 2–3. The Mold Pros allege that Trenin and Core later misappropriated The Mold Pros' proprietary systems in the operation of MycoSolutions. *Id.* ¶ 2–3, 6.

On July 3, 3019, The Mold Pros filed the instant motion to seal exhibits filed in support of its motion for preliminary injunction. Dkt. 14. On July 15, 2019, Treinen responded. Dkt. 22. On July 19, 2019, The Mold Pros replied. Dkt. 26.

There is a presumption of access to judicial records related to motions help the public understand the disposition of the merits of the case— motions which are "more than tangentially related to the merits of the case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099, 1101–03 (9th Cir. 2016). "[T]he common law right of access promotes the 'public interest in understanding' the judicial process itself . . . ." *Id.* at 1102 (internal citations omitted). However, filing documents under seal may be justified by compelling reasons such as "to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)). A motion to seal must include (1) a certification that the parties have conferred on the need to file the document under seal and (2) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rules W.D. Wash. LCR 5(g)(3).

The Mold Pros seek to seal Exhibits H and I to the Declaration of John Bohde. Dkt. 19.[1] Exhibit H consists of an example of a MycoSolutions "Proposal for Environmental Treatment," essentially, a customer contract. Dkt. 15. Exhibit I consists of an example of The Mold Pros' Proposal for Environmental Treatment. Dkt. 16.

Counsel for The Mold Pros certifies that he attempted to meet and confer with Core, who is appearing pro se, MycoSolutions, which is appearing pro se, and counsel for Treinen prior to filing this motion. Dkt. 14 at 1. The Mold Pros argue that the Proposals for Environmental Treatment contain "information outlining and detailing [The Mold Pros] trade secret bio-remediation protocol" and public release of this information would result in irreparable harm to its business interests. *Id*. at 2 (citing Dkt. 19, ¶ 6). The Mold Pros argue that Exhibit I is its boilerplate contract modified on a project-by-project basis and so does not reach customers in the particular form filed. Dkt. 26 at 4. However, Treinen is correct that The Mold Pros has failed to establish how a contract shared with potential and actual customers is non-public, Dkt. 22 at 3, particularly when those customers are "not only homeowners and small businesses, but also big box retailers, national restaurant chains, department stores, realtors and property managers," Dkt. 1, ¶ 17. Therefore, the Court denies the motion to seal.

The Mold Pros request that if the Court does not grant the motion to seal, it withdraw the exhibits at issue rather than unseal them pursuant to Local Rule 5(g)(6) and permit The Mold Pros to substitute versions of the exhibits at issue redacting information

---

[1] The Declaration of John Bohde is filed at Dkt. 19, but Exhibit H is filed under seal at Dkt. 15 and Exhibit I is filed under seal at Dkt. 16.

under the "Treatment" and "Clean-up and post testing" headings. Dkt. 26 at 8. The Court grants this request. Therefore, it is hereby **ORDERED** that The Mold Pros' motion to seal, Dkt. 14, is **DENIED**. The Clerk shall withdraw Dkts. 15 and 16. The Mold Pros may file redacted versions in the electronic docket as described by September 6, 2019.

Dated this 29th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge