UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE MOLD PROS FRANCHISING, INC., | CASE NO. C19-5454 BHS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT |
| v. | |
| MYCOSOLUTIONS, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff The Mold Pros Franchising, Inc.'s, ("The Mold Pros") motion for preliminary injunction, Dkt. 17, and Defendant William Treinen's ("Treinen") motion for leave to file supplemental declaration, Dkt. 33. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies The Mold Pros's motion and grants Treinen's motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On May 22, 2019, The Mold Pros filed a complaint against Defendants MycoSolutions, Inc. ("MycoSolutions"), Treinen, and Marc Core ("Core") asserting

claims for breach of contract, declaratory judgment, unjust enrichment, unfair competition, misappropriation of trade secrets, breach of guaranty, and civil conspiracy. Dkt. 1.

On July 3, 2019, The Mold Pros filed a motion for a preliminary injunction. Dkt. 17. On July 19, 2019, Core and MycoSolutions responded. Dkt. 31. On July 22, 2019, Treinen responded. Dkt. 28. On July 26, 2019, The Mold Pros replied. Dkt. 32.

On August 20, 2019, Treinen filed a motion for leave to file a supplemental declaration. Dkt. 33. The Mold Pros did not respond.

## II. FACTUAL BACKGROUND

The majority of relevant facts are undisputed. In late 2016, Treinen and John Bohde ("Bohde"), an owner and vice-president of The Mold Pros, began discussing the prospect of Treinen opening a Mold Pros franchise. In early 2017, Treinen formed Visionary Approaches, Inc. d/b/a The Mold Pros of South Sound ("VAI"). On April 24, 2017, VAI signed a franchise agreement with The Mold Pros. Treinen agreed to maintain the confidential information of The Mold Pros and to not compete with The Mold Pros for two years following termination of the agreement. On June 1, 2017, VAI opened for business.

Treinen hired Core as an employee of VAI with the intention that Core would manage the franchise. Early into the arrangement, Treinen determined that Core lacked sufficient experience to manage. Because Treinen did not elevate Core to the level of a manager, neither he nor The Mold Pros asked Core to sign the restrictive covenants in the franchising agreement.

In mid-July, Treinen experienced a major health issue. Due to this and other issues, Treinen sought to cancel the franchise agreement and close VAI. On October 31, 2017, VAI and The Mold Pros entered a termination and release agreement.

Core subsequently started a mold remediation business called MycoSolutions. Treinen admits that he referred some people to MycoSolutions, but he did not receive any compensation for any referral and does not know whether those referrals even contacted Core or MycoSolutions.

On December 7, 2018, The Mold Pro contacted Treinen and Core regarding MycoSolutions. Treinen contends that he stopped any mold-advocacy work and will continue to do so until this dispute is resolved. Core contends that he stopped accepting new business on May 5, 2019 and closed the MycoSolutions business and website. Dkt. 31. In his supplemental declaration, Treinen declares that Core has secured full-time employment with another company and has sent a voluntary dissolution notice to the Washington Secretary of State. Dkt. 33 at 4–12.

## III.  DISCUSSION

Regarding Treinen's motion for leave to supplement the record, the Court grants the unopposed motion and will consider Treinen's additional evidence.

Regarding The Mold Pros's motion, a party seeking a preliminary injunction must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that a temporary restraining order in is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)

In this case, the Court will only address the likelihood of irreparable harm in the absence of preliminary relief. The parties dispute whether The Mold Pros's alleged future harm is speculative. Treinen declares that he has no interest in competing with The Mold Pros, disseminating The Mold Pros's confidential information, or even engaging in mold-related advocacy. Core declares that he has shut down MycoSolutions and evidence suggests that it has been dissolved. Although this is fairly compelling evidence that neither Treinen nor Core will engage in any activity that harms The Mold Pros's business or interests, The Mold Pros argues that Defendants will "resume their unlawful activities if the Court does not enjoin them from doing so." Dkt. 32 at 12. The Mold Pros fails to submit any evidence to support this argument. Therefore, the Court denies The Mold Pros's motion. If The Mold Pros discovers evidence that either Treinen or Core have misled the Court, then it may file another motion for preliminary relief.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that The Mold Pros's motion for preliminary injunction, Dkt. 17, is **DENIED** and Treinen's motion for leave to file supplemental declaration, Dkt. 33, is **GRANTED**.

Dated this 8th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge